FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 06, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MAYDA IVETTE CASTELLON,<br><br>Defendant. | No. 1:24-CR-02027-SAB-21<br><br>ORDER GRANTING DEFENDANT'S MOTION TO EXPEDITE AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**ECF Nos. 1616–17** |

On Wednesday, August 5, 2026, the Court conducted a hearing on Defendant's Motion to Modify Conditions of Release (ECF No. 1617) and related Motion to Expedite (ECF No. 1616).  Defendant was represented by court-appointed attorney Mitchell Crook.  Assistant United States Attorney Benjamin Seal represented the United States.

Defendant requests the Court modify Defendant's release conditions to allow Defendant to communicate with her husband and co-defendant, Pablo Castellon, "by telephone, video visitation, electronic messaging, or written correspondence, using only channels his facility records or monitors," subject to restrictions on the contents of the communications.  ECF No. 1617 at 2.

Currently, Defendant is authorized to communicate with Mr. Castellon in written letters transmitted through her attorney and Mr. Castellon's attorney.  ECF

ORDER - 1

No. 1174.  Defendant asserts that her entry of a guilty plea to count 2 of the superseding indictment is new information that warrants allowing increased communication between Defendant and Mr. Castellon.  ECF No. 1617. Additionally, Defendant asserted she has not received a response to her letters from Mr. Castellon, so she is not certain that Mr. Castellon has received her letters or is able to respond in writing through his attorney.  *See id.*

The United States opposes the request and indicated that the proposed condition would increase the burden on the United States Attorney's Office to monitor the communications.  United States Probation/Pretrial Services took no position on the request.

Because Defendant has entered a guilty plea, ECF No. 1163, Defendant's conditions of release must satisfy 18 U.S.C. § 3143(a)(1).  Under that statute, a defendant "who has been found guilty of an offense and who is awaiting imposition or execution of sentence" shall be detained unless "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." § 3143(a)(1).

Defendant was released pending trial in April 2024.  ECF No. 265.  Since then, there have been no allegations of noncompliance.  The Court modified Defendant's conditions of release in September 2025 to allow her to have limited

ORDER - 2

contact with Mr. Castellon.  ECF No. 1174.  At that time, the United States did not object to the modification.  *Id.*  And since then, there have been no allegations of noncompliance or attempts to circumvent the condition.

Defendant's compliance with the Court's conditions thus far assures the Court that widening the means of communication between Defendant and her husband still sufficiently mitigates Defendant's risk of flight and risk of danger to the safety of the community under § 3143(a)(1).  However, rather than modify the condition as requested by Defendant, the Court will modify the condition to allow recorded and monitored contact between Defendant and Mr. Castellon, using language similar to that temporarily imposed in 24-cr-02027-SAB-19, ECF No. 856.

Accordingly, **IT IS ORDERED:**

1.    Defendant's Motion to Expedite (**ECF No. 1616**) is **GRANTED**.

2.    Defendant's Motion to Modify Conditions of Release (**ECF No. 1617**) is **GRANTED IN PART AND DENIED IN PART**.

3.    **Special Condition No. 4 (ECF No. 1174) is MODIFIED** in its entirety to read **as follows:**

> **4. The Court authorizes limited communication between Defendant (21) and her co-defendant husband Pablo Castellon (10).**
>
> **First, Defendant may communicate with Mr. Castellon in the form of letters transmitted**

ORDER - 3

exclusively through their respective attorneys of record. Each letter shall first be reviewed by the sending defendant's attorney and then by the receiving defendant's attorney. If both attorneys approve the content, the receiving attorney shall deliver the letter to their client.

Second, Defendant and Mr. Castellon may communicate exclusively through recorded and monitored visits through Mr. Castellon's custodial facility. Defendant must inform her attorney of any visit no fewer than TWO WEEKS in ADVANCE of the visit. Defendant's attorney will notify the United States Attorney's Office within two business days of notice from Defendant as to the visit. The visits are subject to monitoring and recording, and any violation of this condition may result in Defendant's detention.

Whether the communications are through monitored visits or in writing, Defendant and Mr. Castellon shall NOT discuss any aspect of this case, their specific charges, each other's charges, or that of any other person indicted in this matter. Additionally, the defendants shall not discuss any financial transaction or arrangement.

4.    All other terms and conditions of pretrial release not inconsistent herewith shall remain in full force and effect.

**IT IS SO ORDERED.**

DATED August 6, 2026.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 4